# EXHIBIT B

# POLSINELLI

2049 Century Park East, Suite 2900, Los Angeles, CA 90067 • (310) 556-1801

July 30, 2020

Alex Polishuk
Counsel
(310) 229-1320
(310) 943-3270  Fax
apolishuk@polsinelli.com

**E-MAIL AND FEDERAL EXPRESS**

Andrew Weiske
25121 Moberly Court
Laguna Niguel, CA 92677

E-mail: andreww714@yahoo.com

Re:   Theft of Trade Secret Date and Information

Dear Mr. Weiske:

This Firm represents Optiv Security Inc.  If you are represented by legal counsel please forward this correspondence to him or her.

We are following up on correspondence previously sent to you by Optiv Security regarding your activities that are clear, blatent violations of your written agreement with Optiv as well as federal and state trade secrets law.

Specifically, it has come to our attention that upon your separation of employment and prior to your departure from Optiv Security you downloaded, saved, and purloined, Optiv Security's trade secret information, specifically data relating to approximately 14,000 of Optiv Security's clients.  When Optiv Security first confronted you about this, you falsely denied such actions. However, upon Optiv communicating to you that it had proof of your activities through tracing software showing that you did in fact download Optiv's entire customer list and exported it on an external USB drive, you changed your story admitting that you had in fact taken the list, but that it was an "accident." However, considering that downloading such a list requires several specific and intentional steps, your excuse is clearly another falsity.

Your conduct violates not only the Non-Disclosure Agreement that you signed, the pertinent parts of which are enclosed herein, but also the California Uniform Trade Secrets Act and the Defend Trade Secret Act.  We demand that you (1) immediately cease and desist contacting the customers whose information your purloined from Optiv Security or utilizing this trade secret

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California

74338462.1
74338462.2



Andrew Weiske
July 30, 2020
Page 2

data in any other capacity; (2) return any and all trade secret data that you downloaded, saved, and/or purloined from Optiv Security; (3) destroy any and all copies of the trade secret data you obtained (following your return of the aforementioned data); (4) identify any and all individuals or companies (including anyone working at Kovarus where you are currently employed) with whom you have disseminated or shared Optiv Security's confidential information, and (5) confirm your compliance with this demand letter by **August 6, 2020**, by way of a written acknowledgement addressed to the undersigned.

You are hereby placed on notice that should we not receive your written acknowledgement of compliance with this demand letter, we have been authorized to take all necessary legal action including obtaining court involvement and seeking all remedies available to Optiv including, but not limited to injunctive relief, damages, costs, and attorneys' fees. Please provide your written acknowledgement regarding the aforementioned on or before **August 6, 2020**.

Finally, we demand that you preserve and maintain all documents, communications, and other material in your possession that address or pertain to your employment with Optiv Security, your subsequent employment and/or services rendered after leaving Optiv Security, specifically including Kovarus, communications between you and Kovarus regarding their recruitment of you for employment, communications with any current or former Optiv clients, vendors, or employees, and any and all documents that address or pertain to the subject matter of this letter. Please make sure you protect and preserve any such information in your possession or under your control until further notice. If this information contains any confidential or proprietary information or trade secrets, you are to properly secure and separate such information so that it is not improperly disseminated to parties outside of Optiv Security or used by you, Kovarus, or anyone outside of Optiv Security.

The material that is to be preserved includes any relevant written documents, Electronically Stored Information ("ESI"), Short Message Service ("SMS"), and Instant Messaging ("IM"), including but not limited to, hard drives, disc drives, electronic mail and attachments, phone records, text messages, data files, voicemails, and other data to be stored in its native format.

In addition, you should suspend any deletion, overwriting, or any other alteration or destruction of electronic information relevant to this dispute that is under your control. This includes electronic information wherever it is stored. It also includes all forms of electronic communication – e.g., email, word processing, text messages, calendars, voice messages, videos, photographs, social media activity and information. You should similarly preserve any new



Andrew Weiske
July 30, 2020
Page 3

electronic information that is generated after you receive this letter that is relevant to this dispute. Finally, preserve any hard copy under your control relevant to this dispute.

    Please feel free to contact me with any questions or if you would like to discuss. I look forward to your response.

    Very truly yours,

    Alex Polishuk
    Counsel

AP:
Enclosures

74338462.1
74338462.2

## EMPLOYMENT, NON-COMPETITION AND NON-DISCLOSURE AGREEMENT

THIS EMPLOYMENT, NON-COMPETITION AND NON-DISCLOSURE AGREEMENT ("Agreement") dated as April 25th, 2012 is made by and between FishNet Security, Inc. (the "Company"), and Andrew Weiske ("Employee").

### Recitals

Employee is currently an employee of or has been offered employment with Company, and Company wants to assure the protection of all of its confidential and proprietary information, trade secrets, and business interests and expectancies as a condition of Employee's initial or continued employment. Employee's employment with Company is at-will and nothing set forth in this Agreement is intended to render Employee anything other than an employee at-will.

Employee is willing to agree to and follow the terms and conditions in this Agreement.

### Agreements

In consideration of the initial or continued employment of Employee, the disclosure to Employee of the confidential and proprietary information of Company, and the mutual promises and conditions in this Agreement, it is agreed as follows:

1. **Employment.** In consideration of the services to be rendered by Employee to Company, and in consideration of Employee's other covenants hereunder, Company shall employ Employee on an at-will basis, and shall pay Employee a commission and/or salary in an amount to be agreed upon by Employee and Company.

2. **Confidential and Proprietary Information and Trade Secrets.**

    a. Employee acknowledges and agrees that in the course of Employee's employment with Company, and in direct consideration for Employee's execution of this Agreement, Employee will have access to, receive and obtain information concerning the work conducted by Company or the operations of Company which may constitute confidential or proprietary information or trade secrets ("Information"), including, but not limited to: copyrightable works or expressions; software programs in both source code and object code format and related materials; know-how; design information or concepts; advertising concepts; marketing or pricing information or strategies; customer and prospect lists; market studies; pay, staffing or personnel information or policies, and other confidential information. Employee further acknowledges that such Information may be disclosed to Employee by Company and that Employee shall comply with and implement reasonable Company policies or safeguards to protect such Information from disclosure, and that unauthorized disclosure of such Information will cause irreparable harm and loss to Company.

    b. As a material inducement to Company to enter into this Agreement, to employ Employee, and to provide Employee with training, Information and access to Information, Employee agrees and covenants that:

(i) Employee will not reproduce or disclose to any other person or entity any such Information, unless specifically authorized in writing by Company to do so. If Company gives Employee written authorization to make any such disclosure, Employee shall do so only within the limits and to the extent of that authorization.

(ii) All Inventions (as hereafter defined), and other Intellectual Property Rights (as hereafter defined) acquired or developed by Company or Employee during the term hereof, shall be and remain the property of Company.

(a) Inventions mean discoveries, improvements, ideas, conceptions, developments, designs, and works of authorship, whether or not tested, reduced to practice, or subject to any form of legal protection which Employee may conceive or make, individually or along or with others, which directly or indirectly (i) relate to matters within the scope of Employee's duties or field of responsibility during his employment by Company; or (ii) are based on knowledge of the actual or anticipated business or research and development activity of Company; or (iii) are aided by the use of time, materials, facilities or information of Company. Employee acknowledges and accepts that Inventions shall be the sole and exclusive property of Company. Accordingly, Employee agrees to assign, and shall assign to Company or its nominee, without further right of compensation, all of Employee's rights, title and interest in and to any Additional Invention conceived or made (x) during Employee's employment or (y) within one (1) year after termination of Employee's employment.

(b) Intellectual Property Rights means any form of legal protection for Inventions in all countries of the world, including applications and certificates for Letters Patent, Utility Models, Inventor's Rights, Copyrights, and Trademarks. Employee shall assist Company and its agents in doing those things which may reasonably be needed or requested by Company to obtain, extend, reissue, maintain, or enforce Intellectual Property Rights. Should Employee render any of these services following termination of his or her employment, he or she shall be reimbursed for reasonable out-of-pocket expenses incurred in rendering the services.

(iii) During the term of this Agreement, Employee will promptly divulge to Company all Inventions which Employee develops or discovers.

(iv) Employee's participation in the development of this Information and intangible assets, or employee's knowledge of the existence of such Information, does not give rise to any rights on Employee's behalf to disclose or utilize these intangible assets or Information.